IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTENSON MEDIA GROUP, INC.,

    Plaintiff,

vs.                                            Case No. 10-2505-JTM

LANG INDUSTRIES, INC., AND
ENVIROVENTURES, INC.,

    Defendants.

MEMORANDUM AND ORDER

Presently before this court is plaintiff's Motion to Remand, or in the Alternative, for Default Judgment (Dkt. No. 3) and Supplemental Motion to Remand to State Court (Dkt. No. 7). For the following reasons, the court denies the motions.

**I. Factual Background**

On August 11, 2010, plaintiff sued defendants for breach of contract in the Johnson County, Kansas District Court. Plaintiff personally served defendants with summons and the Complaint on August 18, in Narrowsburg, New York. On September 17, 2010, defendants filed a Notice of Removal with this court (Dkt. No. 1). That notice contained the following provisions:

> 4. The United States District Court for the District of Kansas has subject matter jurisdiction pursuant to 28 U.S.C. §1332, Diversity of Citizenship. Specifically, the case involves a Missouri corporation Plaintiff, two New York corporation Defendants, and an amount claimed as damages in excess of $300,000.00.
> 5. Copies of all process, pleadings and orders served upon the Defendants are filed with this notice as Exhibit "A".

> 6. Defendant will provide Plaintiff with written notice of this filing as required by 28 U.S.C. §1446(d).
> 7. A copy of this Notice will be filed with the Clerk of the District Court of Dickinson County, Kansas, as required by 28 U.S.C. 1446(d).

(Dkt. No. 1). On October 6, plaintiff filed a Motion to Remand to State Court, or in the Alternative, for Default Judgment. (Dkt. No. 3). Defendants have failed to respond to plaintiff's motion. However, on November 24, defendants filed an Amended Notice of Removal (Dkt. No. 6). The amended notice contained the following provisions pertinent to this motion:

> 5. Pursuant to 28 U.S.C. § 1332(c)(1), both Defendants are incorporated and are in active standing with the state of New York and both Defendants' principal place of business is located in Sullivan County, New York.
> 7. Copies of all process, pleadings and orders served upon Defendants are filed with this notice as Exhibit "B."
> 9. A copy of this Notice will be filed with the Clerk of the District Court of Johnson County, Kansas, as required by 28 U.S.C. 1446(d).

Defendants failed to attach process to its Amended Notice. In response to defendants' Amended Notice, plaintiff filed its Supplemental Motion to Remand to State Court.

**II. Analysis**

*A. Removal*

A defendant may remove a civil action to federal court if the plaintiff originally could have filed suit in federal court. *See* 28 U.S.C. § 1441(a) (2006); *see also Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1244-45 (10th Cir. 2005). Under 28 U.S.C. § 1446(a) (2006), a defendant must:

> [F]ile in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a *short and plaint statement of the grounds for removal, together with a copy of all process, pleadings, and orders* served upon such defendant or defendants in such action.

*Id.* (emphasis added). A defendant must also "file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." *Id.* § 1446(d). The removal statutes are construed narrowly. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). And, "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Doubts about removal must be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Plaintiff argues that the court should remand this case back to state court because defendants (1) failed to attach service of process to its Notice of Removal and Amended Notice of Removal, (2) failed specifically to allege diversity jurisdiction, and (3) failed properly to file the Notice of Removal in state court. Plaintiff also argues in its Supplemental Motion to Remand that defendants' Amended Notice of Removal must be filed within the thirty-day period set forth in 28 U.S.C. § 1446(b), and because it was not, the court must order remand. Last, plaintiff seeks default judgment because defendants have not filed an answer in the time provided under Fed. R. Civ. P. 81. The main issue is whether defendants' procedural failures require this court to remand the case to state court or whether to allow defendants to cure these defects.

1. Failure to Attach Process

Under 28 U.S.C. § 1447(c) (2006), there are "two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself." *Huffman v. Saul Holdings, Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999). A defect in subject matter jurisdiction is never waived and can be raised at any time. *Id.* at 1076-77.

A procedural defect does not involve subject matter jurisdiction and may be waived if a party fails to object within 30 days after removal. *Id.* at 1077.

There are two competing viewpoints on whether a failure to attach process to a notice of removal requires remand. *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp.2d 1213, 1215 (D. Kan. 2005). "The predominant view is that the removing party's failure to file the required state court papers is 'curable in the federal courts if there is a motion to remand.'" *Id.* (quoting 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3733 (3d ed. 1998)). The Fifth, Seventh, and Eleventh Circuits have generally followed this approach. *See, e.g.*, *Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (holding that "failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect"); *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967) (holding that defendant's failure to attach a copy of the Complaint to its notice of removal did not deprive the district court of jurisdiction and stating that "[t]o permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance"); *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 932-33 (5th Cir. 1958) (holding that a defendant's failure to attach process to its notice of removal was not fatal and did not require remand).

Many district courts in several different circuits, including the District of Kansas, have also followed this approach. *See, e.g.*, *Berbig v. Sears Roebuck & Co., Inc.*, 568 F. Supp.2d 1033, 1039 n.9 (D. Minn. 2008) (stating that "a failure to comply with the requirements of [Section 1446(a)] ordinarily is not grounds to deny removal"); *Riggs v. Fling Irrigation, Inc.*, 535 F. Supp.2d 572, 579 (W.D.N.C. 2008) (holding "[w]hile there may be some case law to support Plaintiff's argument, the majority approach is that the [failure to attach process] defect is merely procedural and that this

4

particular procedural defect may be cured"); *Yellow*, 406 F. Supp.2d at 1215; *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp.2d 340, 356 (S.D.N.Y. 2005) (stating that procedural rules in 28 U.S.C. § 1446(a) are not jurisdictional and the failure to file all state court papers with the notice of removal is curable in federal court); *Kingman v. Sears, Roebuck & Co.*, 526 F. Supp. 1182, 1186 (D. Me. 1981) (providing that court has discretion to give a defendant time to amend the notice of removal to attach process).[1]

In *Yellow*, the District of Kansas confronted nearly the same lack-of-process issue presently before this court. The court held that "[s]o long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction." *Yellow*, 406 F. Supp.2d at 1219. In reaching this conclusion, the court undertook an extensive analysis of the case law and legislative history surrounding the requirement that the defendant attach process to a notice of removal. *Id.* at 1215-19. First, the court noted that a majority of courts have held that "'mere modal or procedural defects [in removal] are not jurisdictional' and that under § 1446(b) missing state court papers may be supplied later." *Id.* at 1215 (quoting *Covington*, 251 F.2d at 933). Because process may be supplied later, failure to attach it is a curable defect rather than a substantive error that requires remand. *Id.* at 1216. The court also recognized that a failure to attach process—although never addressed by the Tenth Circuit—was not

---

[1]Under an earlier version of the removal statute, the Supreme Court addressed whether to affirm a circuit court's decision to remand a case back to state court after the defendant failed to file the state court record within the time required. After analyzing the pertinent case law, the Court, in *St. Paul & Chi. Ry. Co. v. McLean*, held that "the failure of the defendant to file the copy [of the record] on or before the first day of the succeeding session of the federal court, does not deprive that court of jurisdiction to proceed in the action, and that whether it should do so or not upon the filing of the copy is for it to determine." 108 U.S. 212, 216 (1883). The Court then affirmed the circuit court's order remanding the case to state court. *Id.* at 217. However, the Court made it clear that a federal court has wide discretion to proceed in a case even if all the procedural requirements of removal have not been met. *Id.* at 216.

the type of error that typically justifies remand. *Id.* at 1217; *see Huffman*, 194 F.3d at 1077-79 (defendant's failure to file notice of removal within the thirty-day period necessitated remand upon plaintiff's motion); *see also Cornwall v. Robinson*, 654 F.2d 685, 686-87 (10th Cir. 1981) (finding that remand was appropriate when the notice was defective because a co-defendant had not joined the notice of removal). Last, the court found that the sole objective sought by Congress when it amended the removal statutes was to force the parties to raise objections promptly so procedural defects cannot later be used to prejudice the other party in court. *Yellow*, 406 F. Supp.2d at 1219. The defendant in *Yellow*, like the defendants here, failed to attach process to its notice of removal. *Id.* at 1214. In denying remand, the court stated that the failure to attach process was inadvertent and trivial and "did not unduly burden the court or reflect the complete failure to follow the removal procedure that typically leads to remand orders . . . . Important, also, is the fact that plaintiff has suffered absolutely no prejudice whatsoever from the defect and this defect can be promptly and easily remedied by allowing the defendant to file its proposed amended notice of removal." *Id.*

Plaintiff argues that this court must remand the case back to state court because defendant failed to attach process. To support this proposition, plaintiff cites *Albonetti v. GAF Corp.-Chemical Gp.*, 520 F. Supp. 825 (S.D. Tex. 1981) and *Shadley v. Miller*, 733 F. Supp. 54, 55 (E.D. Mich. 1990). However, both courts held only that the failure of a co-defendant to join a removal notice within the thirty-day time period was a defect which required remand. *Albonetti*, 520 F. Supp. at 828; *Shadley*, 733 F. Supp. at 55. The Tenth Circuit has also recognized that such a failure justifies remand. *See Cornwall*, 654 F.2d at 686-87. Neither *Albonetti* nor *Shadley* addressed the issue of attached process; therefore, plaintiff's reliance on these cases is misplaced. Nevertheless, this court does recognize that some courts have required or upheld remand orders when a defendant failed to

6

attach process to its notice of removal. *See, e.g.*, *Andalusia Enters., Inc. v. Evanston Ins. Co.*, 487 F. Supp.2d 1290, 1300 (N.D. Ala. 2007) (holding that "[t]he absence in the notice of removal of copies of the summonses served on the defendants, uncorrected until after the thirty (30) day removal period had expired, violates 28 U.S.C. § 1446(a)" and bars removal); *Kisor v. Collins*, 338 F. Supp.2d 1279, 1280 (N.D. Ala. 2004) (holding that 28 U.S.C. § 1446(a)'s requirement of attached process is jurisdictional and defendant's failure to attach process precluded removal); *Emp'rs-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of Am.*, No. 05-444, 2005 WL 1653629, at *4 (D. Or. July 6, 2005) (holding that "any defect in removal procedure must be cured within the 30-day removal period or it is fatal to the removal" and defendants' failure to attach exhibits to the notice of removal within that time required remand); *Lorensen v. Jenney Mfg. Co.*, 158 F. Supp. 928, 929-30 (D. Mass. 1958) (holding that notice of removal was defective on its face because it failed to contain a copy of the process as required by the removal statute).

While recognizing that some districts have reached different conclusions, this court does not find that line of cases persuasive. The general reasoning of the cases—granting remand motions upon procedural defects—is based on a narrow reading of 28 U.S.C. § 1447(c). That statute states: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Id.* These courts read the statute as requiring remand if a plaintiff objects to a procedural defect within thirty days of the filing of a notice of removal. Such a restrictive reading is unwarranted. Rather than requiring remand, § 1447(c) only requires a plaintiff to file its motion to remand within thirty days of a notice of removal, if the remand motion is based on a procedural defect. The statute does not

7

say "if plaintiff makes a motion to remand based on a procedural defect within thirty days, the court must grant the motion." The plain language of the statute makes this conclusion untenable.

However, this court wishes to stress that it is not saying a court may not order a remand based on a procedural defect. It is quite clear that procedural defects may be the basis of a remand order. *See Huffman*, 194 F.3d at 1077-79; *Cornwall*, 654 F.2d at 686-87; *see also Freebird, Inc. v. Merit Energy Co.*, 597 F. Supp.2d 1245, 1249-50 (D. Kan. 2009) (remanding for failure to allege the requisite amount in controversy under 28 U.S.C. § 1332(a) and the Class Action fairness Act); *Marshall v. Skydive America South*, 903 F. Supp. 1067, 1070-71 (E.D. Tex. 1995) (holding that a failure to specify co-defendant's consent in notice of removal was a procedural defect not amenable after the thirty-day time for amendment had passed). Nevertheless, just because a court may order remand based on a procedural defect, does not mean that a court must order remand upon the filing of a timely remand motion.

In accord with this district's decision in *Yellow* and the other circuit and district court decisions refusing to require remand because of a defendant's failure to attach process, this court holds that defendants' failure to attach process to its initial Notice of Removal and its Amended Notice of Removal does not deprive this court of subject matter jurisdiction and does not require immediate remand. In holding so, this court is well within its discretion to prevent remand based upon a mere technical defect. As stated above, this minor procedural defect is not the type that typically justifies remand. *See Huffman*, 194 F.3d at 1077-79; *Cornwall*, 654 F.2d at 686-87. The court also notes that 28 U.S.C. § 1447(b) grants the district court the authority to "require the removing party to file with its clerk copies of all records and proceedings in such State court." This authority is consistent with the court's authority (1) to prevent remand on the basis of minor

8

procedural defects and (2) to grant the defendant an opportunity to cure the defect. Finally, nothing indicates that defendants intentionally or maliciously withheld process, rather it appears that the failure was an oversight.[2] This court will allow defendants to cure this defect, granting defendants 10 days to supplement their notice to provide the required process.

2. Alleging Diversity Jurisdiction

Plaintiff's second argument is that defendants' failure specifically to allege diversity of citizenship requires this court to remand this case to state court. Plaintiff argues that the initial Notice of Removal alleges "the case involves a Missouri corporation Plaintiff, two New York corporation Defendants, and an amount claimed as damages in excess of $300,000.00" but failed to provide information about each defendant's principal place of business; thus, defendants failed to plead diversity jurisdiction. (Dkt. No. 1, para. 4).

The Tenth Circuit, in *Buell v. Sears, Roebuck & Co.*, stated the rule a defendant must follow when alleging diversity in a notice of removal. 321 F.2d 468, 470 (10th Cir. 1963). The rule provides:

> Where there is not even a general allegation of diversity of citizenship, and where it is merely alleged with respect to a defendant that it is a corporation of a particular state, diversity of citizenship is not clearly alleged; the principal place of business of the corporation, as far as the complaint indicates, may be in the same state as the alleged citizenship of the plaintiff, notwithstanding that it is a corporation of another state, i.e., organized therein.

---

[2]Paragraph 5 of defendants' Notice of Removal states: "Copies of all process, pleadings and orders served upon the Defendants are filed with this notice as Exhibit 'A.'" While the Complaint was attached to the initial Notice, process was not. Additionally, plaintiff's Amended Notice of Removal purports to have process attached, but failed to do so. Defendants also filed a Motion to Dismiss on the same day they filed the Amended Notice of Removal, which included attached service of process.

*Id.* It is clear that a defendant must allege its principal place of business in a notice of removal. *Id.* Nevertheless, an initial failure to allege principal place of business does not require immediate remand. *Id.* at 471. The defendant in *Buell* did not allege diversity properly, yet the court granted it 20 days to amend its notice of removal. *Id.* In *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299 (10th Cir. 1968), the Tenth Circuit reaffirmed and clarified *Buell*. In *Hendrix*, the defendant timely filed a notice of removal alleging it was a Maryland corporation and the plaintiff was a "resident" of New Mexico. *Id.* at 300. The plaintiff moved to remand by reason of insufficient allegation of diversity. *Id.* The district court granted leave for the defendant to set out fully by amendment the basis for diversity jurisdiction, and defendant did so. *Id.* First, the court held that the failure to specify diversity, beyond a general claim of diversity of citizenship, rendered the notice of removal defective. *Id.* Next, the court stated that the defendant must allege its principal place of business and specifically allege the citizenship of the plaintiff. *Id.* But the Tenth Circuit held that the district court did not abuse its discretion when it granted the defendant additional time to amend its notice to specify diversity jurisdiction. *Id.* at 302. In ruling that the district court had such discretion, and that the defendant could amend the notice, the Tenth Circuit stated:

> We are not unmindful of numerous district court opinions which question the power to allow such amendments under varying circumstances after the time for initially filing removal petitions has expired. But if applied to circumstances comparable to those of the present case, we believe that their reasoning would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts. If so applied they also would be out of harmony with prior decisions originating in this jurisdiction.

*Id.* at 301 (internal footnotes omitted).[3] Several other courts have also allowed defendants to amend the notice of removal to specify diversity jurisdiction. *See, e.g.*, *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir. 1993); *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145 (5th Cir. 1979); *Luehrs v. Utah Home Fire Ins. Co.*, 450 F.2d 452 (9th Cir. 1971); *Howell v. Joffe*, 478 F. Supp.2d 1014 (N.D. Ill. 2006); *Acosta v. Drury Inns, Inc.*, 400 F. Supp.2d 916 (W.D. Tex. 2005); *Bank IV Salina, N.A. v. Aetna Casualty & Surety Co.*, 783 F. Supp. 1315, 1316-17 (D. Kan. 1992); *Camacho v. Cove Trader, Inc.*, 612 F. Supp. 1190 (E.D. Pa. 1985).

Defendants in this case failed to specify diversity as required by the statute in their initial Notice of Removal. *See Hendrix*, 390 F.2d at 300; *Buell*, 321 F.2d at 470. The Complaint and the Notice of Removal contained general allegations of diversity, but the defendants failed to specify their principal places of business showing each is diverse from the plaintiff's. This failure is a technical violation of 28 U.S.C. § 1446(a). Defendants' Amended Notice of Removal cures this defect by alleging that defendants' principal places of business are in Sullivan County, New York. Under *Buell* and *Hendrix*, this court has discretion to allow defendants to amend their Notice of Removal. *Hendrix*, 390 F.2d at 302; *Buell*, 321 F.2d at 471. Like, defendants' failure to attach process, their failure to specify diversity jurisdiction in the initial notice is not fatal. Allowing remand on such a technical defect would unnecessarily further the already needless shuttling of this case between the state and federal court system. Therefore, because defendants have specifically

---

[3]The Supreme Court, in *Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78 (1903), also addressed the requirement of alleging diversity jurisdiction. Interpreting an early version of the removal statute, the Court held that a circuit court did not abuse its discretion when it allowed the defendants to file an amended notice of removal. *Id.* at 83-84. Specifically, the Court held that because the defendants generally alleged diversity in its notice of removal, the circuit court was not without jurisdiction or discretion to allow defendants to amend the notice. *Id.*

alleged diversity jurisdiction in their Amended Notice of Removal, the court finds that plaintiff's Motion to Remand on this ground is denied.

### 3. 28 U.S.C. § 1446(d): Notice Filed in State Court

Plaintiff's third argument is that defendants failed properly to file the Notice of Removal in the state court action as required under 28 U.S.C. § 1446(d). Under this statute, a defendant "shall file a copy of the notice with the clerk of such State court, which shall effect the removal." *Id.* Plaintiffs argues that the notice filed in state court was signed by John Hector, an attorney licensed in New York. Plaintiff further argues that because Hector does not represent himself as an attorney licensed in Kansas, he has no authority to file pleadings in Kansas. Under Kansas law: "Rule 116(a) allows an attorney from another state, upon motion, to be admitted for a specific case or hearing after he or she has associated with an attorney licensed in Kansas. The rule further requires the Kansas attorney to be 'actively engaged in the conduct of the matter or litigation.' The rule further prohibits any court, agency, or tribunal from proceeding or hearing a matter if Rule 116 is violated."[4]

---

[4] The full text of Kan. Sup. Ct. R. 116(a)-(b) provides:
(a) Any attorney not admitted to the practice of law in Kansas but who is regularly engaged in the practice of law in another state, territory of the United States, or the District of Columbia, and who is in good standing pursuant to the rules of the highest appellate court in that jurisdiction, may on motion be admitted to practice law in the courts or any administrative tribunal of this state for the purposes of a particular case only, upon showing that he or she has associated an attorney of record in the case who is regularly engaged in the practice of law in Kansas and who is in good standing under all of the applicable rules of the Kansas Supreme Court. The Kansas attorney of record shall be actively engaged in the conduct of the case; shall sign all pleadings, documents, and briefs; and shall be present throughout all court or administrative appearances. Service may be had upon the associated Kansas attorney in all matters connected with the case with the same effect as if personally made on the out-of-state attorney within this state.
(b) A motion filed by the Kansas attorney of record, accompanied by the out-of-state attorney's verified application, shall be in writing and shall be filed with the court or administrative tribunal where the case is pending as soon as reasonably possible but no later than the date the out-of-state attorney files any pleading or appears personally. The motion and verified application shall be served on all counsel of record and on the out-of-state attorney's client.
KAN. SUP. CT. R. 116(a)-(b).

*In re Franco*, 275 Kan. 571, 576, 66 P.3d 805, 808 (2003) (quoting KAN. SUP. CT. R. 116(a)). Further, Kan. Stat. Ann. § 60-211(a) (2010) requires that all pleadings be signed by at least one attorney of record. A pleading filed by an attorney not admitted to practice in Kansas is treated as an unsigned pleading. *See Architectural & Engineered Prods. Co. v. Whitehead*, 19 Kan. App.2d 378, 381-82, 869 P.2d 766, 768-69 (1994). However, an unsigned pleading is a technical defect that does not affect the substantial rights of the party. *Id.* (citing *Manspeaker v. Bank of Topeka*, 4 Kan. App. 768, 768, 46 P. 1012, 1012 (1896)). The party filing the unsigned pleading should be given a chance to correct the defect. *Id.* at 383, 869 P.2d at 769.

It is unclear from the record at this stage whether Hector is admitted to practice in Kansas. If not, Hector has violated Kan. Sup. Ct. R. 116 and defendants' notice to the state court under 28 U.S.C. § 1446(d) is invalid. However, this type of error—like the minor procedural defects described above—does not justify remand. Additionally, it appears that defendants have associated with local counsel. Mr. Camron L. Hoorfar, an attorney licensed in Kansas, filed the defendants' Notice of Removal and Amended Notice of Removal in this court. If Hector is not admitted to practice in Kansas, this court orders defendants to file an amended Notice of Removal in state court pursuant to 28 U.S.C. § 1446(d), which provides the signature of an attorney who is admitted to practice in Kansas.

4. Plaintiff's Supplemental Motion to Remand to State Court (Dkt. No. 7).

In this motion, plaintiff argues that defendants failed to file their Amended Notice of Removal within the thirty-day time frame set forth in 28 U.S.C. § 1446(b), justifying a remand. This statute provides: "The notice of removal of a civil action or proceeding shall be filed within thirty

13

days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." *Id.* This particular section only requires a defendant to file its initial notice of removal within thirty days of receiving the complaint, it does not address the time frame for an amended notice of removal. As such, this court finds that 28 U.S.C. § 1446(b) does not require a defendant to file an amended notice of removal within thirty days of receiving the complaint. For the reasons detailed above, the district court does have discretion to allow a defendant to cure minor procedural defects in a notice of removal; therefore, plaintiff's arguments to the contrary are unpersuasive. Plaintiff's Supplemental Motion to Remand to State Court is denied.

*B. Default Judgment*

Last, plaintiff argues that because defendants failed to file an Answer within the time provided in Fed. R. Civ. P. 81, this court should grant plaintiff a default judgment under either Fed. R. Civ. P. 55(b)(1) or (b)(2). Under Fed. R. Civ. P. 81(c)(2)(A)-(C):

> (2) A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
> (C) 7 days after the notice of removal is filed.

The longest period in this case was 7 days under subsection (c)(2)(C). Defendants filed their Notice of Removal on September 17, 2010. They had seven days from that date, excluding weekends, to file an answer. It is undisputed that defendants failed to file an Answer.

Fed. R. Civ. P. 55 contemplates a two-step process in which a plaintiff must first apply to the clerk for entry of default under subsection (a). Under subsection (a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." If the clerk enters default, the plaintiff may file a motion for default judgment under Fed. R. Civ. P. 55(b). Under 55(b), a party may seek default judgment from the clerk or from the court. If plaintiff's claim is for a sum certain, or a sum that can be calculated, the defendant has defaulted for not appearing, and is not a minor or incompetent person, the clerk must enter default judgment upon request of the plaintiff. FED. R. CIV. P. 55(b)(1). In all other cases, a plaintiff must seek default from the court. FED. R. CIV. P. 55(b)(2). The court has wide discretion to grant or deny a default judgment motion. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

By moving for default judgment first, plaintiff is trying to skip step one and jump to step two. A plaintiff may not seek default judgment before it has applied for entry of default. FED. R. CIV. P. 55; *see Kelly v. Wilson*, No. 09-2188, 2009 WL 3122519, at *1 (D. Kan. Sept. 29, 2009). Because the motion is premature, the court denies plaintiff's Motion for Default Judgment. If plaintiff seeks default judgment, it must first apply to the clerk for entry of default.

IT IS ACCORDINGLY ORDERED this 21st day of March 2011, that plaintiff's Motion to Remand, or in the Alternative, for Default Judgment (Dkt. No. 3) and Supplemental Motion to Remand to State Court (Dkt. No. 7) are denied.

IT IS FURTHER ORDERED that defendants shall have 10 days to file a Second Amended Notice of Removal with attached process.

IT IS FURTHER ORDERED that defendants shall have 10 days to file properly their Notice of Removal in state court, if they have not already done so.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE