IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTENSON MEDIA GROUP, INC.,

    Plaintiff,

vs.                                    Case No. 10-2505-JTM

LANG INDUSTRIES, INC., AND
ENVIROVENTURES, INC.,

    Defendants.

MEMORANDUM AND ORDER

Defendants' Motion to Dismiss (Dkt. No. 5) is before the court. For the following reasons, the court orders the parties to conduct limited discovery on the personal jurisdiction and venue issues and to submit further briefing before the court rules on the motion.

**I. Factual Background**

This is a breach of contract action in which plaintiff alleges it provided advertising services to each defendant and was not compensated. Plaintiffs originally filed the case in state court but defendants have since removed the case to this court. On March 21, 2011, this court denied plaintiff's Motion to Remand, or in the Alternative, for Default Judgment (Dkt. No. 3) and Supplemental Motion to Remand to State Court (Dkt. No. 7). The court also gave defendants additional time to file a Second Amended Notice of Removal with attached process. Having done so, the court now considers defendants' present motion seeking to dismiss the Complaint under Fed.

R. Civ. P. 12(b)(2) and (3).

**II. Analysis**

Before reaching defendants' arguments, plaintiff, in its Response, argues defendants waived both defenses of personal jurisdiction and venue by not filing their Motion to Dismiss within the time frame in Fed. R. Civ. P. 81(c)(2)(C). This Rule provides:

> **(2) Further Pleading**. After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must *answer or present other defenses or objections* under these rules within the longest of these periods:
> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating a claim for relief;
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
> (C) *7 days after the notice of removal is filed.*

FED. R. CIV. P. 81(c)(2)(A)-(C) (emphasis added). As the court indicated in its prior Order, the longest period in this case was 7 days under subsection (C), removal. Thus, defendants had seven days from that date, excluding weekends, to file an answer or present other defenses. It is undisputed defendants did not answer or present any defenses within that time. Defendants did not file their current Motion to Dismiss until November 24, 2010, nearly two months after the time for presenting defenses expired. Plaintiff argues the court should not consider the motion because of this delay.

Fed. R. Civ. P. 6(b) authorizes the court to accept late filings when the failure to file timely is the result of "excusable neglect." The Supreme Court has defined excusable neglect as an "elastic concept" not limited to circumstances beyond the control of the party. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The Court held that whether a party's failure to meet a deadline is excusable requires and equitable determination "taking account of all the relevant circumstances surrounding the party's omission." *Id.* at 395. The factors to be

2

considered include: (1) the danger of prejudice to the non-moving party; (2) the potential impact on the proceedings; (3) the reason for the delay; and (4) whether the party acted in good faith. *See id.* Here, defendants have not intimated any facts suggesting their failure to file the Motion to Dismiss was justifiable or in good faith. In fact, defendants have not responded to plaintiff's allegations of delay. Plaintiff, however, has not shown that consideration of the motion would impact the proceedings in a negative fashion or would prejudice plaintiff if the court considered the motion. Bearing in mind the court's preference for considering motions on the merits, defendants' delay in filing their Motion to Dismiss is excusable, and the court will consider the motion. *See Roberts v. Paulson*, 263 Fed. App'x 745, 747 (10th Cir. 2008).

Plaintiff also argues defendants' 12(b)(2) and (3) motion to dismiss for personal jurisdiction and venue is untimely under 12(h)(1), and as a result, defendants have waived these objections. Plaintiff argues 12(h)(1) required defendants to file their motion within the time frame required for a responsive pleading set in 12(a). Rule 12(h)(1) does provide for waiver of some defenses listed in 12(b) in certain circumstances. The Rule states:

> **(1) When Some Are Waived**. A party waives any defense listed in Rule 12(b)(2)-(5) by:
>     (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>     (B) failing to either:
>         (i) make it by motion under this rule; or
>         (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

FED. R. CIV. P. 12(h)(1). Further, Rule 12(a)(1)(A)(i) requires that "[a] defendant must serve an answer within 21 days after being served with the summons and complaint." Rule 12(h)(1) does not explicitly require motions under 12(b) to be made within the time required to file a responsive pleading. In fact, no provision in Rule 12 mentions a time limit for filing a motion to dismiss. *See*

3

*Luv N' Care, Ltd. v. Babelito, S.A.*, 306 F. Supp.2d 468, 472 (S.D.N.Y. 2004). Recent decisions from other courts support this conclusion and hold the time limits in 12(a) do not govern waiver of 12(b) motions under 12(h)(1). *See, e.g.*, *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1473 (9th Cir. 1988); *Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335, 1340-41 (9th Cir. 1976); *Gonzales-Droz v. Gonzales Colon*, No. 06-2263, 2009 WL 2843338, at *2 (D.P.R. Aug. 31, 2009); *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, L.L.C.*, 2007 WL 2206946, at *3 (S.D. Cal. July 27, 2007); *Breland v. ATC Vancom, Inc.*, 212 F.R.D. 475, 477 (E.D. Pa. 2002); *Kampf v. Heinecke*, No. 94-6452, 1995 WL 262526, at *1 (E.D. Pa. 1995); *see also Heck-Dance v. Inversione's Isleta Marina, Inc.*, No. 09-1327, 2009 WL 3245440, at *3 n.1 (D.P.R. Oct. 7, 2009). According to these courts, mandating waiver under 12(h)(1) for failing to file a motion to dismiss within the time stated in 12(a)(1) is an overly rigid interpretation of those rules. In *Bechtel*, the court held Rule 12 only requires that such motions "be made before pleading if a further pleading is permitted," and that the rule "does not limit the time period to [21] days." 534 F.2d at 1341 (alterations added). One of the leading treatises summed this issue up nicely by stating:

> Although this approach has the desirable effect of compelling the early assertion of the Rule 12(b)(2) through Rule 12(b)(5) defenses, it is premised on an overly strict interpretation of the language of Rule 12(a) and Rule 12(h)(1). The former provision only deals with the time at which the pleading must be served and is silent on the question of waiver. The latter provision does not call for the assertion of the defense within the time provided in Rule 12(a) for serving a responsive pleading; it merely dictates waiver if the defense is not made by motion or included in the responsive pleading, presumably whenever it may happen to be served.

5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391, at 519-20 (3d ed. 2004).

Given the language of the Rule, and as interpreted by the foregoing cases, the court finds Rule 12(h)(1) does not mandate waiver of a personal jurisdiction or a venue defense not asserted

within the time frame in 12(a). Rather, "such motions 'must be raised in a reasonably timely fashion or [be deemed] waived.'" *Luv N' Care*, 306 F. Supp.2d at 472-73 (quoting *Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 136 (S.D.N.Y. 1991); *Burton v. N. Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985)). Because defendants filed their motion only two months after removal, and the case is in its early stages, the motion is timely and the court will consider its merits.

*A. Defendants' Motion*

1. Legal Standard: 12(b)(2)

"The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well established: The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Edison Trust Number One v. Patillo*, No. 10-1159, 2010 WL 5093831, at *1 (D. Kan. Dec. 8, 2010) (quotations omitted). The extent of the burden depends on the stage at which the court considers the jurisdictional issue. *Id.* When personal jurisdiction "is decided at a preliminary stage by reference to only the complaint and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction." *Id.* "The plaintiff may carry this burden 'by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.'" *Id.* (quoting *TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007)). If plaintiff meets that burden, the defendant must "present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Thermal Components Co. v. Griffith*, 98 F. Supp.2d 1224, 1227 (D. Kan. 2000) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985))). All factual disputes are resolved in plaintiff's favor.

*Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and 'the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.'" *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted).

In a diversity action, "personal jurisdiction over a nonresident defendant is determined by the law of the forum state." *Caldwell-Baker Co. v. S. Ill. Railcar Co.*, 225 F. Supp.2d 1243, 1259 (D. Kan. 2002). "The proper inquiry is, therefore, whether the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state and comports with due process requirements of the Constitution." *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304-05 (10th Cir. 1994). Because the Kansas long-arm statute is liberally construed to the extent of the United States Constitution, courts may proceed to the due process analysis. *Id.* at 1305[1]. The due process analysis consists of two steps: (1) whether defendants have such minimum contacts with the forum state that they should reasonably anticipate being haled into court there; and (2) if the defendants have minimum contacts with the forum state, whether exercising personal jurisdiction over them would offend traditional notions of fair play and substantial justice. *OMI Holdings, Inc.*,

---

[1] The Kansas Long Arm statute provides, in pertinent part:
(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the following acts, thereby submits the person and, if an individual, the individual's representative, to the jurisdiction of the courts of this state for any claim for relief arising from the act:
    (L) having contact with this state which would support jurisdiction consistent with the constitutions of the United States and of this state.
(2) A person submits to the jurisdiction of the courts of this state for a claim for relief which did not arise in this state if substantial, continuous and systematic contact with this state is established which would support jurisdiction consistent with the constitutions of the United States and of this state.
KAN. STAT. ANN. § 60-308(b)(1)(L), (2) (2010).

149 F.3d at 1091; *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008).

2. Legal Standard:12(b)(3)

This court considers a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). *See Riley v. Kingsley Underwriting Agencies. Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992). A federal court determines the application of a forum selection clause under federal law. *Streit v. Snap-On Equip., Inc.*, No. 10-4086, 2010 WL 5058540, at *3 (D. Kan. Dec. 6, 2010). Forum selection clause are prima facie valid and should be enforced unless the resisting party shows the clause is unreasonable under the circumstances. *Id.*; *see also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). The plaintiff bears the burden of establishing that venue in this district is proper and all factual disputes are resolved in plaintiff's favor. *Streit*, 2010 WL 5058540, at *1. "Freely negotiated forum selection clauses that are 'unaffected by fraud, undue influence, or overweening bargaining power' are enforceable." *Id.* at *3 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)). However, a plaintiff may "avoid its [forum selection clause] enforcement by showing that enforcement would be unreasonable or unjust, that the clause is a product of fraud or overreaching, or that the forum chosen in the clause is gravely inconvenient for the trial of the action." *Johnson v. N. States Power Co.*, No. 99-2394, 2000 WL 1683658, at *3 (D. Kan. Nov. 2, 2000) (citing *M/S Bremen*, 407 U.S. at 15-16). Mere inconvenience alone is not enough, a plaintiff "must meet the heavy burden of showing that 'the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Id.* at *4 (quoting *M/S Bremen*, 407 U.S. at 18). An enforceable forum selection clause must

"clearly confine litigation to specific tribunals at the exclusion of all others." *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 582 (10th Cir. 1997).

3. Consent to Personal Jurisdiction and Venue

Before reaching the personal jurisdiction due process analysis, plaintiff alleges personal jurisdiction exists because it entered into a series of contracts with defendants called "Advertising Agreements" in Overland Park, Kansas, and that the contracts included a forum-selection clause providing venue and personal jurisdiction in Kansas. *See* Dkt. No. 5, Ex. C. "Parties to a contract may consent to litigate disputes in a particular forum by inserting a forum selection clause into their contract." *Elec. Realty Assocs., L.P. v. Vaughan Real Estate, Inc.*, 897 F. Supp. 521, 522 (D. Kan. 1995) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315 (1964); *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986)). "Absent fraud, duress, or other coercive factors, such an agreement precludes consenting individuals or corporations from later contesting personal jurisdiction unless they can clearly show that enforcement of the clause would be unreasonable." *Id.* (quoting *M/S Bremen*, 407 U.S. at 15-16). If a party consents to venue and personal jurisdiction, analysis of the state's long arm statute and constitutional analysis of the party's contacts with the forum state are unnecessary.

Disposition of this matter based on consent, however, is not as clear as plaintiff contends. The contract at issue shows it was entered into by "Roto-Rooter Franchisees" and Christensen, Barclay, and Shaw, Inc. (now Christensen Media Group, Inc.). Defendants assert, by affidavit of their CEO Edward Lang, that Roto Rooter Franchisees is not an affiliate or subsidiary of either Lang Industries, Inc. or Enviroventures, Inc. Plaintiff does not point to any evidence specifically

8

contradicting this assertion; but, plaintiff does request limited discovery on the jurisdictional issue as it believes such discovery will "unequivocally establish that Defendants entered into a series of contracts with [plaintiff] which were accepted in Kansas, and performed in Kansas." Dkt. No. 9, pg. 3.

"'When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.'" *Sivoza v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir.2002) (quoting *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)). The district court, however, has broad discretion in determining whether discovery should be permitted. *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004). If the plaintiff suffers prejudice as a result of a denial of discovery, the court abuses its discretion. *Sivoza*, 282 F.3d at 1326. Prejudice exists "where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). While close, this court will allow the plaintiff to take limited discovery on the jurisdictional issue. The parties hotly dispute whether they entered into a contract or contracts in Kansas to be performed in Kansas. Defendants have come forward with evidence and an affidavit tending to show they did no such thing. Plaintiff musters little evidence showing jurisdiction or venue or both is proper in Kansas. Nevertheless, a more satisfactory showing of the jurisdictional facts is needed before the court can adequately rule on the pending motion.

IT IS ACCORDINGLY ORDERED this 27th day of June 2011, that the parties may take limited discovery regarding personal jurisdiction and venue.

IT IS FURTHER ORDERED that each party must submit further briefing on this motion no

9

later than July 11, 2011, limited to 10 pages each.

                                                        s/ J. Thomas Marten
                                                        J. THOMAS MARTEN, JUDGE