IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTENSON MEDIA GROUP, INC.,

    Plaintiff,

vs.                                               Case No. 10-2505-JTM

LANG INDUSTRIES, INC., AND
ENVIROVENTURES, INC.,

    Defendants.

MEMORANDUM AND ORDER

Defendants filed their Motion to Dismiss (Dkt. No. 5) on November 24, 2010, seeking dismissal for lack of personal jurisdiction and venue. On June 27, 2011, this court ordered the parties to take limited discovery on those issues and file further briefing. Plaintiff submitted its supplemental brief, defendants did not. With sufficient facts the court is now prepared to rule. For the following reasons, the court denies defendants' Motion to Dismiss.

The court included a brief factual statement in its prior Order (Dkt. No. 13), and it is incorporated herein. Additionally, the court provided the following standards under Fed. R. Civ. P. 12(b)(2) and (3):

    1. Legal Standard: 12(b)(2)

"The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well established: The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Edison Trust Number One v. Patillo*, No. 10-1159, 2010 WL 5093831, at *1 (D. Kan. Dec. 8, 2010) (quotations omitted). The extent of the burden depends on the stage at which the court considers the jurisdictional issue.

*Id.* When personal jurisdiction "is decided at a preliminary stage by reference to only the complaint and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction." *Id.* "The plaintiff may carry this burden 'by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.'" *Id.* (quoting *TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007)). If plaintiff meets that burden, the defendant must "present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Thermal Components Co. v. Griffith*, 98 F. Supp.2d 1224, 1227 (D. Kan. 2000) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985))). All factual disputes are resolved in plaintiff's favor. *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and 'the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.'" *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted). In a diversity action, "personal jurisdiction over a nonresident defendant is determined by the law of the forum state." *Caldwell-Baker Co. v. S. Ill. Railcar Co.*, 225 F. Supp.2d 1243, 1259 (D. Kan. 2002). "The proper inquiry is, therefore, whether the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state and comports with due process requirements of the Constitution." *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304-05 (10th Cir. 1994). Because the Kansas long-arm statute is liberally construed to the extent of the United States Constitution, courts may proceed to the due process analysis. *Id.* at 1305. The due process analysis consists of two steps: (1) whether defendants have such minimum contacts with the forum state that they should reasonably anticipate being haled into court there; and (2) if the defendants have minimum contacts with the forum state, whether exercising personal jurisdiction over them would offend traditional notions of fair play and substantial justice. *OMI Holdings, Inc.*, 149 F.3d at 1091; *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008).

    2. Legal Standard:12(b)(3)

This court considers a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). *See Riley v. Kingsley Underwriting Agencies. Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992). A federal court determines the application of a forum selection clause under federal law. *Streit v. Snap-On Equip., Inc.*, No. 10-4086, 2010 WL 5058540, at *3 (D. Kan. Dec. 6, 2010). Forum selection clauses are prima facie valid and should be enforced unless the resisting party shows the clause is unreasonable under the circumstances. *Id.*; *see also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). The plaintiff bears the burden of establishing that venue in

> this district is proper and all factual disputes are resolved in plaintiff's favor. *Streit*, 2010 WL 5058540, at *1. "Freely negotiated forum selection clauses that are 'unaffected by fraud, undue influence, or overweening bargaining power' are enforceable." *Id.* at *3 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)). However, a plaintiff may "avoid its [forum selection clause] enforcement by showing that enforcement would be unreasonable or unjust, that the clause is a product of fraud or overreaching, or that the forum chosen in the clause is gravely inconvenient for the trial of the action." *Johnson v. N. States Power Co.*, No. 99-2394, 2000 WL 1683658, at *3 (D. Kan. Nov. 2, 2000) (citing *M/S Bremen*, 407 U.S. at 15-16). Mere inconvenience alone is not enough, a plaintiff "must meet the heavy burden of showing that 'the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Id.* at *4 (quoting *M/S Bremen*, 407 U.S. at 18). An enforceable forum selection clause must "clearly confine litigation to specific tribunals at the exclusion of all others." *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 582 (10th Cir. 1997).

Dkt. No. 13, pgs. 5-8. This court also stated the following regarding consent to personal jurisdiction and venue:

> Before reaching the personal jurisdiction due process analysis, plaintiff alleges personal jurisdiction exists because it entered into a series of contracts with defendants called "Advertising Agreements" in Overland Park, Kansas, and that the contracts included a forum-selection clause providing venue and personal jurisdiction in Kansas. *See* Dkt. No. 5, Ex. C. "Parties to a contract may consent to litigate disputes in a particular forum by inserting a forum selection clause into their contract." *Elec. Realty Assocs., L.P. v. Vaughan Real Estate, Inc.*, 897 F. Supp. 521, 522 (D. Kan. 1995) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315 (1964); *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986)). "Absent fraud, duress, or other coercive factors, such an agreement precludes consenting individuals or corporations from later contesting personal jurisdiction unless they can clearly show that enforcement of the clause would be unreasonable." *Id.* (quoting *M/S Bremen*, 407 U.S. at 15-16). If a party consents to venue and personal jurisdiction, analysis of the state's long arm statute and constitutional analysis of the party's contacts with the forum state are unnecessary.

Dkt. No. 13, pg. 8.

At this stage, plaintiff only need make a prima facie showing of personal jurisdiction and venue. *See Edison Trust Number One*, 2010 WL 5093831, at *1. After reviewing the newly

3

submitted documents provided by plaintiff, the court is persuaded plaintiff has established a prima facie showing of personal jurisdiction and venue over defendants. Plaintiff contends it entered into "Advertising Agreements" with both Lang Industries and Enviroventures which contained a forum selection clause providing "[t]his document and the order form is the entire agreement between the parties, all prior oral and written promises having been merged herein and subject to the laws of the State of Kansas, with venue and jurisdiction in Kansas." Dkt. No. 14 Apps. D and E. Plaintiff asserts that over a several-year period Lang faxed to plaintiff in Kansas over 100 of these agreements and Enviroventures faxed a few dozen, all of which were accepted by plaintiff in Kansas. The main contention is whether defendants were actually parties to these agreements because the agreements provide they are between "Roto-Rooter Franchisees" and plaintiff. In their Motion to Dismiss, defendants claim they are not "Roto-Rooter Franchisees" and did not enter into the Advertising Agreements with plaintiff. Plaintiff, however, has submitted materials tending to show defendants were the "Roto-Rooter Franchisees" that entered into the agreements with plaintiff.

First, every Advertising Agreement lists a dealer number associated with the particular Roto-Rooter Franchisee. Under the agreements in question the dealer numbers listed are "DLR # 9725-09728" and "DLR # 9725-9728A." Records maintained at plaintiff's offices show these numbers correspond to accounts it established for Lang and Enviroventures. Dkt. No. 14. App. A, Affidavit of Janet R. Christenson, pgs. 35-36.

Second, Janet R. Christenson, president of Christenson Media Group, Inc. (plaintiff) stated in her affidavit that Lang and Enviroventures faxed credit documents to plaintiff in Kansas and the cover sheets identified the sender as "Lang Industries, Inc," and also showed "Roto-Rooter Plumbers" at the top, all signed by Edward J. Lang, owner of Lang. Plaintiff asserts these credit

4

documents were sent to persuade plaintiff to grant defendants credit during the parties' advertising relationship and as a precursor to the parties entering the Advertising Agreements.

Third, plaintiff has provided a print out of a portion of Lang's website indicating it is a Roto-Rooter Franchisee. Further, another screen on Lang's website identifies Enviroventures as a sister company of Lang and also showing it is a Roto-Rooter Franchisee.

Last, defendants attached New York Secretary of State information regarding Lang and Enviroventures to its Motion to Dismiss. The address for each company is 67 Arena Ct., Narrowsburgh, New York, 12764. Plaintiff sent its invoices for advertising services performed under the Advertising Agreements to this address. Additionally, an Enviroventures confirmation order shows the same address.

Taken together, the above information strongly indicates both Lang and Enviroventures were the "Roto-Rooter Franchisees" indicated in the Advertising Agreements entered into with plaintiff. Plaintiff has demonstrated a prima facie showing of personal jurisdiction and venue in Kansas over defendants through the consent in the Advertising Agreements.[1] To rebut plaintiff's evidence defendants must "present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction [or venue] unreasonable.'" *Thermal Components Co.*, 98 F. Supp.2d at 1227 (citing *OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *Burger King Corp.*, 471 U.S. at 477)). Defendants have not submitted any additional materials. Thus, defendants' Motion to Dismiss is denied.

---

[1] Because the court finds there is sufficient evidence showing consent to personal jurisdiction and venue it is unnecessary to undertake a due process analysis of personal jurisdiction. The court notes, however, that plaintiff has submitted evidence showing defendant had sufficient minimum contacts in Kansas supporting personal jurisdiction.

IT IS ACCORDINGLY ORDERED this 29th day of July 2011, that defendants' Motion to Dismiss (Dkt. No. 5) is denied.

                                                                                s/ J. Thomas Marten
                                                                                 J. THOMAS MARTEN, JUDGE