IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTENSON MEDIA GROUP, INC.,

    Plaintiff,

vs.                              Case No. 10-2505-JTM

LANG INDUSTRIES, INC., AND
ENVIROVENTURES, INC.,

    Defendants.

MEMORANDUM AND ORDER

    This matter comes to the court on Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. No. 31). Plaintiff, Christenson Media Group, Inc., contends defendants, Lang Industries, Inc. and Enviroventures, Inc., failed to plead their fraud counterclaim with particularity. Defendants contend plaintiff intentionally or negligently made representations to a third party, Roto-Rooter Franchisees, regarding advertising services and concede that the counterclaim was brought on behalf of Roto-Rooter. Because defendants are not the real party in interest and because they have failed to meet the Rule 9(b) standard, the counterclaim is dismissed.

    First, and most importantly, the defendants contend they did not enter into any agreements with the plaintiff for advertising services. Specifically, defendants state in their Response "[t]he counterclaim that was filed by the Defendants was filed only to protect the rights of the Roto-Rooter Franchisees in the unlikely event that the Defendants are deemed to have entered into contracts with the Plaintiff and are found to have subjected themselves to jurisdiction in the State of Kansas." Dkt.

No. 38, pgs. 2-3. Defendants admit that they are not the real party in interest required to prosecute the counterclaim. Under Rule 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." Thus, because defendants admit they are not the real party in interest regarding the counterclaim, it must be dismissed.

Regardless, defendants' counterclaim also fails to state a claim for intentional or negligent misrepresentation with the necessary particularity. Under Fed. R. Civ. P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Essentially, a party alleging fraud must "'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch, Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (citing *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

Defendants have failed to allege when or where the alleged misrepresentations took place. Defendants only generally contend plaintiff intentionally or negligently told Roto-Rooter that certain advertising was not available at a lesser rate, even though plaintiff was charging Roto-Rooter's competitors a lesser rate. And they do not allege the identity of the party that allegedly made false statements. In their Response defendants state they "would like to state that the Plaintiff's employee, Cody Stamford, and the Plaintiff's owner, Janet Christenson, among others, have made false statements about the advertising rates available to the Roto-Rooter Franchisees." Dkt. No. 38, pg. 3. But when deciding a motion to dismiss, the court may look only to the counterclaim, it cannot consider assertions contained only in the defendants' Response Brief. *See Gilbert v. Steed*, No. 07-3213, 2008 WL 4826142, at *3 (D. Kan. Nov. 6, 2008). Thus, defendants' counterclaim must be

dismissed for failure to meet the Rule 9(b) standard.

Last, defendants request, in their Response, permission to file an amended counterclaim. Under Fed. R. Civ. P. 15(a)(1)(A)-(B) a party may freely amend its complaint within "21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion . . .whichever is earlier." At all other times the party must seek leave of the court to amend its pleading. FED. R. CIV. P. 15(a)(2). "When a party files a proper motion for leave to amend, rule 15(a) further provides 'leave shall be freely given when justice so requires.'" *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999) (quoting FED. R. CIV. P. 15(a)). Generally, a party must file a motion to amend before the court will grant leave to amend. *Id.* at 1185-86. If a party does not file a formal motion to amend its pleading the Tenth Circuit provides that "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Id.* at 1186-87. However, it is "insufficient where the plaintiffs made a bare request in their response to a motion to dismiss 'that leave be given to the Plaintiffs to amend their Complaint.'" *Id.* at 1186 (quoting *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989)).

Applying this standard, defendants' request for leave to amend is insufficient. Defendants requested leave to amend in their response, they did not make a separate motion. Under *Calderon*, such a "bare request" is insufficient. 181 F.3d at 1186. The court also notes that it may deny a request for leave to amend if the amendment would be futile. *Watson ex. Rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a

motion for summary judgment." *Id.* Defendants provide no basis for the proposed additional facts, and this court finds that allowing leave to amend would be futile.

IT IS ACCORDINGLY ORDERED this 22nd day of February 2012, that Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. No. 31) is granted.

<pre>
                                        s/ J. Thomas Marten
                                        J. THOMAS MARTEN, JUDGE
</pre>