IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTENSON MEDIA GROUP, INC.,

    Plaintiff,

vs.                           Case No. 10-2505-JTM

LANG INDUSTRIES, INC., AND
ENVIROVENTURES, INC.,

    Defendants.

MEMORANDUM AND ORDER

    Before the court are Christenson Media Group, Inc.'s, Motion for Sanctions for Failure to Participate in Discovery (Dkt. No. 40) and Lang Industries, Inc., and Enviroventures, Inc.'s, Motion for Summary Judgment (Dkt. No. 56). Christenson seeks sanctions against the defendants contending they failed to respond to discovery requests and because their corporate representatives did not attend their scheduled depositions. Defendants seek summary judgment arguing they never entered into any contracts with Christenson and that this court does not have jurisdiction over them. For the following reasons, the court denies the motions.

**I. Christenson's Motion for Sanctions**

    Christenson filed its Motion for Sanctions on January 20, 2012, alleging that the defendants failed to respond to all discovery and failed to appear for properly noticed depositions. Christenson

1

contends defendants have violated Fed. R. Civ. P. 37(d) and requests that the court order the following sanctions: (1) enter default judgment against the defendants, (2) prohibit the defendants from introducing evidence that should have been disclosed during discovery, and (3) award costs and attorney's fees incurred in the prosecution of this motion.[1] The court will consider each alleged violation in turn.

*A. Failure to Respond to Discovery*

Under Fed. R. Civ. P. 37(d), the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." FED. R. CIV. P. 37(d)(1)(A)(ii). But a motion requesting sanctions for a failure to answer or respond "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." *Id.* at 37(d)(1)(B). Christenson does not dispute that it has failed to provide the required certification, accordingly its request for sanctions for the defendants' failure to respond to discovery is denied.

*B. Failure to Attend Deposition*

Next, Christenson seeks sanctions for the failure of the defendants' corporate representatives to appear for their depositions. On December 20, 2011, Christenson served its Notice of Depositions to depose the defendants' corporate representatives in person on January 16, 2012. On December 27,

---

[1] In the initial Motion, Christenson also requested the court strike the defendants' Counterclaim from the record. Because the court granted Christenson's Motion to Dismiss Defendants' Counterclaim (Dkt. No. 52), that request is moot.

local defense counsel indicated in an email that his client would appear at the deposition. On January 5, defense counsel informed Christenson's counsel that the defendants' New York counsel could not appear for the January 16 depositions because he was scheduled to be in trial in New York. Defense counsel proposed the depositions be rescheduled to January 24 and 25, and the parties appear to have reached a tentative agreement on those dates. Ultimately, Christenson did not agree to the new deposition dates. The discovery cut-off date was January 20.

In their Response, the defendants contend Mr. Lang, one of Lang's corporate representatives, was busy with a domestic legal matter in New York and could not attend the deposition on the noticed date. Christenson has presented documents tending to show Mr. Lang's legal problems in New York should not have prohibited him from attending the deposition. Further, the defendants never claimed Mr. Lang could not attend the deposition when it initially tried to reschedule. As such, the court rejects the defendants' argument that Mr. Lang was unable to attend the deposition.

Christenson postulates that defendants' New York counsel told the corporate representatives not to appear for the depositions. In support, Christenson has presented information related to a separate lawsuit filed by Christenson against some Roto Rooter franchisees in Johnson County, Kansas. In that case, one of the defendants' corporate representatives did not appear for a deposition. At her brother's deposition, he testified that she did not appear for the deposition because her defense attorney, John Hector, instructed her not to appear. Mr. Hector is defendants' New York attorney in this case as well. Nevertheless, even if the information relating to the Johnson County case is accurate, it bears no relation to this case. All this court can discern from the record is that Christenson noticed two depositions, and that the defendants initially agreed to the time but later sought to reschedule. The parties failed to reschedule, and Christenson has not deposed the

3

defendants' corporate representatives. At the Pretrial Conference Christenson informed the court it no longer needed to take the depositions of the corporate representatives, thus, the issue is moot.

After analyzing Christenson's Motion for Sanctions, the court does not believe that the defendants' actions or inactions warrant sanctions. But Fed. R. Civ. P. 37(d)(3) provides that "[i]nstead of or in addition to these [Rule 37(b)(2)(A)(i)(vi)] sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Because Christenson informed the court at the Pretrial Conference that it no longer intends to take the depositions, an award of expenses would be unjust. And, as noted above, Christenson failed to provide the certification required under Rule 37(d)(1)(B). Accordingly, the court denies Christenson's Motion for Sanctions.

## II. Defendants' Motion for Summary Judgment

Before reaching the substantive issues raised in the Motion, it is important to note that the defendants have failed to follow Local Rule 56.1. This Rule requires that:

> *The memorandum or brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies.*

D. KAN. R. 56.1(a) (emphasis added). Additionally, the party must identify each claim or defense on which summary judgment is sought. FED. R. CIV. P. 56(a). Here, the defendants have not included a concise statement of numbered material facts in their Motion, and they have largely failed to cite the record in support of the few facts that they do offer in support of the Motion. Rather, defendants

have included a one-and-a-half page "Statement of Facts" with one citation to the record. Further, the defendants do not identify each claim upon which they seek summary judgement. Defendants merely contend that they did not enter into any contracts with the plaintiff and that this court does not have jurisdiction over them. The court has discretion to deny the defendants' motion for these procedural reasons alone. *See Creamer v. Ellis County Sheriff Dept.*, No. 08-4126, 2009 WL 1870872, at *4 (D. Kan. June 29, 2009) ("Plaintiff fails to state any uncontroverted facts, much less a concise statement in separately numbered paragraphs. Accordingly, plaintiff's motion for summary judgment is denied."). Nevertheless, the court will explain why this motion must fail on the merits.

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact." *Id.* Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hosp.*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Nat. Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove [nonmovant's] claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987) (alterations added).

In resisting a motion for summary judgment, the opposing party may not rely upon mere

allegations or denials contained in its pleadings or briefs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Id.* Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. *Id.* at 250-51. Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (quoting FED. R. CIV. P. 56(e)) (emphasis in *Matsushita*).

*B. Defendants Are Not Entitled to Summary Judgment*

The defendants do not articulate specifically the claims upon which they seek summary judgment, but they contend that "the defendants are not parties to any contracts with the plaintiff." Dkt. No. 56, pg. 3. Thus, the court construes the Motion as one seeking summary judgment on Christenson's breach of contract claims, Counts I and II. In support of this position, defendants cite the affidavit of Christenson's President, Janet Christenson, and the affidavit of Edward Lang, President and CEO of both defendants. Essentially, the defendants cite three paragraphs, 31, 32, and 33, of Ms. Christenson's affidavit and contend her statements are inaccurate. These paragraphs state that Roto Rooter provided Christenson information on soliciting business from Lang, that Lang is a Roto Rooter franchise, and that Christenson used its one-page advertising agreements when it placed advertisements for Roto Rooter franchisees. Mr. Lang's affidavit provides that "I signed

6

various contracts with the plaintiff over the course of several years. However, I do not believe that I ever signed a contract with plaintiff in which Lang Industries, or Enviroventures, Inc., was a party to the contract." Dkt. No. 56, Ex. 2. He further avers that "[t[he contracts are between plaintiff and my Roto Rooter franchises, not Lang Industries, Inc. nor Enviroventures, Inc. Neither Lang Industries nor Enviroventures is a Roto Rooter franchisee." *Id.*

In response, Christenson cites paragraph 14 of Ms. Christenson's affidavit, which provides that "[b]etween sometime in 2001, and December 31, 2010, Christenson Media Group f/k/a/ Christenson, Barclay & Shaw, Inc., completed in excess of 100 separate YellowPages advertisements for Lang Industries, that were approved by Lang Industries . . . ." Dkt. No. 56, Ex. 1. Further, she testified that "Christenson Media Group also prepared and placed various advertisements in specified YellowPages directories on behalf of Enviroventures, Inc., pursuant to the above described process." *Id.* ¶ 25. Christenson also presented a letter signed by Mr. Lang on behalf of "Lang Industries/Roto-Rooter" in which he stated that "[t]his is to inform you that I will no longer be placing my YellowPages Advertising through Christianson, [sic] Barclay, & Shaw [Christenson] and the national sales channel. In the future, I will place my YellowPages Advertising through the local sales channel." Dkt. No. 58, Ex. A (alterations added).

Both parties have presented conflicting evidence in the form of affidavits as to whether Christenson entered into contracts with either defendant. Christenson has also presented a letter supporting its contention that Lang had a contract with Christenson. Accordingly, genuine issues of material fact exist, and summary judgment must be denied on Counts I and II.[2]

---

[2] The defendants do not address the remaining Counts, III-VI, and this court will not address them in this Memorandum and Order.

7

Last, defendants contend that this court lacks jurisdiction over them because they are not parties to the contracts offered by Christenson. Defendants also contend that "[n]either Lang Industries nor Enviroventures, Inc., has ever done any of the following: had an office or employee in Kansas; solicited business, done business or advertised in Kansas; shipped or sold products into Kansas; availed itself of any benefit of Kansas law; provided any service to any Kansas resident; employed a Kansas resident or anything else which could be described as continuous or systematic conduct involving the state of Kansas." Dkt. No. 56, Ex. 2. Christenson has cited to contracts providing that "Advertiser agrees that this request for advertising shall result in a legally binding contract when accepted and signed by [Christenson] at its main office in Overland Park, Kansas." Advertising Agreement, ¶ 1 (alterations added). Each contract also contains a Kansas jurisdiction and venue clause. Ms. Christenson has testified in her affidavit that Christenson entered into those contracts with the defendants. Whether this court has jurisdiction over the defendants is intertwined with the question of whether the parties entered into contracts with each other. As noted above, there are genuine issues of disputed fact on these questions. Accordingly, this court cannot grant summary judgment to the defendants based on a lack of jurisdiction.

*C. Sanctions Under 56(h)*

In its Response, Christenson requests sanctions against the defendants for the attorney's fees incurred in defending this Motion. Specifically, Christenson contends the defendants did not have a reasonable likelihood of success on their Motion based on Mr. Lang's affidavit and that it was submitted in bad faith. The defendants did not reply.

Fed. R. Civ. P. 56(h)[3] provides that:

> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Few courts have granted relief under this section. *See Burdett v. Harrah's Kan. Casino Corp.*, No. 02-2166, 2003 WL 124665, at *2 (D. Kan. Jan. 12, 2002) (citing cases). After reviewing Mr. Lang's affidavit, this court cannot conclude that it was submitted "in bad faith or solely for delay." Accordingly, the court denies Christenson's request for sanctions under Rule 56(h).

IT IS ACCORDINGLY ORDERED this 24th day of July 2012, that Christenson Media Group, Inc.'s, Motion for Sanctions for Failure to Participate in Discovery (Dkt. No. 40) is denied.

IT IS FURTHER ORDERED that Lang Industries, Inc., and Enviroventures, Inc.'s, Motion for Summary Judgment (Dkt. No. 56) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[3] "Subdivision (h) carries forward former subdivision (g) with three changes. Sanctions are discretionary, not mandatory, reflecting the experience that courts seldom invoke the independent Rule 56 authority to impose sanctions. In addition, the rule text is expanded to recognize the need to provide notice and a reasonable time to respond. Finally, the authority to impose other appropriate sanctions is also recognized." Advisory Committee Notes Subdivision (h).