IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTENSON MEDIA GROUP, INC.,

    Plaintiff,

vs.                                 Case No. 10-2505-JTM

LANG INDUSTRIES, INC., AND
ENVIROVENTURES, INC.,

    Defendants.

MEMORANDUM AND ORDER

    The defendants have filed a Motion for Relief from Order Dismissing Cross-Complaint (Dkt. No. 72) arguing that the court should allow it to reassert its crossclaim (Counterclaim) for fraud and intentional or negligent misrepresentation. On February 22, 2012, this court dismissed the defendants' Counterclaim finding they were not the real party in interest to assert the claim and that they failed to plead fraud with sufficient particularity. Under Fed. R. Civ. P. 60(b)(6), the court may relieve a party from an order for any reason that justifies relief. Yet the defendants have failed to provide any reason why this court should grant them relief. Accordingly, the court denies the Motion.

    Relief under Fed. R. Civ. P. 60(b) is "'extraordinary and may only be granted in exceptional circumstances.'" *Davis v. Kan. Dep't of Corrections*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting *Amoco Oil Co. v. U.S. Envtl. Prot. Agency*, 231 F.3d 694, 697 (10th Cir. 2000)). "Relief under Rule 60(b)(6) 'is even more difficult to attain' than under other Rule 60(b) provisions and 'is appropriate

only when it offends justice to deny such relief.'" *Goings v. City of Pittsburg, Kan.*, No. 10-1401, 2012 WL 602916, at *1 (D. Kan. Feb. 24, 2012) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)).

The defendants offer no reason why this court should grant its Motion. They have not pointed to any new facts or evidence showing the court incorrectly dismissed the Counterclaim. At best, the defendants merely state that "[p]laintiff has been aware of the allegations raised by the cross complaint since the outset of this matter, and cannot claim prejudice or surprise." Dkt. No. 72, at 3. But this is not a reason why the court should grant relief, even if it were an accurate statement. Further, it is likely that plaintiffs would be prejudiced if the court granted the order because the theories and defenses in the Pretrial Order have not included the Counterclaim. And the plaintiff has not had an opportunity to take discovery on the Counterclaim. Even if the Counterclaim was legally sufficient, it would be inappropriate to inject it back into the case less than two weeks before trial.

IT IS ACCORDINGLY ORDERED this 6th day of September that defendants' Motion for Relief from Order Dismissing Cross-Complaint (Dkt. No. 72) is denied.

                                        s/ J. Thomas Marten
                                        J. THOMAS MARTEN, JUDGE