IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTENSON MEDIA GROUP, INC.,

   Plaintiff,

vs.            Case No. 10-2505-JTM

LANG INDUSTRIES, INC., AND
ENVIROVENTURES, INC.,

   Defendants.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

Following a bench trial on September 12 and 13, 2012, consideration of all evidence admitted by stipulation or during the trial, and the witness testimony, the court hereby finds and concludes as follows.

The following persons were present at the trial: (1) Jan Christenson, President of plaintiff Christenson Media Group; (2) Keith Shuttleworth, counsel for plaintiff; (3) Rachel Backes, account manager at Christenson Media Group; (4) Edward Lang, President of defendants Lang Industries, Inc. and Enviroventures, Inc.; (5) John Hector, counsel for defendants; and (6) Rodney Wray, Roto-Rooter franchisee and former Christenson Media Group client.

The court heard testimony from Jan Christensen, Rachel Backes, Edward Lang, and Rodney Wray. Several exhibits were stipulated to by the parties or admitted into evidence (Dkt. 87, Att. #2). After assessing the credibility of the witnesses, evaluating all of the evidence, and

considering the arguments of counsel, the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Christenson Media Group, Inc. ("CMG") was previously known by the name of Christenson, Barclay & Shaw, Inc. and lawfully changed its name to Christenson Media Group, Inc. on June 8, 2010.

2. CMG is a Missouri corporation registered as a foreign corporation in Kansas, and its only office is located in Overland Park, Kansas.

3. Lang Industries, Inc. ("Lang Industries") is a New York corporation with its principal place of business in New York.

4. Enviroventures, Inc. ("Enviroventures") is a New York corporation with its principal place of business in New York.

5. CMG prepares and places advertising for its clients in Yellow Pages directories throughout the United States and Canada.

6. In 1989, the Roto-Rooter Franchisees' Association ("RRFA") approved CMG as an endorsed vendor for the placement of Yellow Pages directory advertising for RRFA members.

7. In September 2001, Edward Lang requested that CMG place certain advertisements in Yellow Pages directories regarding Lang Industries's Roto-Rooter operations.

8. After approving Lang Industries's credit, CMG opened an account for Lang

2

Industries, account number 9725-09728 ("Account 9728").

9. From September 2001 to October 2002, Lang Industries transferred most of its Yellow Pages accounts from Grey Directory Marketing, Inc. to CMG, leaving the Orange County directories with Grey in order to maintain that business relationship.

10. In March 2003, Lang Industries transferred the remaining Orange County directories from Grey to CMG, giving CMG all of Lang Industries's directory advertising business.

11. From 2001 to 2009, CMG placed advertisements on more than 100 occasions in various Yellow Pages in New York, New Jersey and Pennsylvania, all as directed by Lang Industries, under Account 9728.

12. For each advertisement CMG placed for Lang Industries, CMG sent several documents to Lang Industries for approval. These documents included an Advertising Agreement specifying the terms of the agreement for the specific advertisement, the proposed advertisement, and an itemized Order Confirmation form specifying all charges to Lang Industries for placing the advertisement. Before placing any advertisement, CMG received written confirmation from Lang Industries approving the agreement, the advertisement, and the charges associated with the advertisement.

13. Each Advertising Agreement signed by Lang Industries and returned to CMG provided, in part: "Advertiser agrees that this request for advertising shall result

3

in a legally binding contract when accepted and signed by [CMG] at its main office in Overland Park, Kansas."

14. Once Lang Industries signed an Advertising Agreement, CMG placed the advertisement in a Yellow Pages directory and paid the directory publishers. CMG then issued invoices to Lang Industries on a monthly basis for one-twelfth (1/12) of the annual publication costs. The annual publication costs were contained in the Order Confirmation form which Lang Industries signed or initialed and returned to CMG.

15. As a result of the business process, CMG is obligated to pay the publisher for advertising costs up front, relying on each customer to pay off its account. If a customer does not pay, CMG has no recourse from the publisher.

16. From 2001 to 2009, Lang Industries paid for the advertisements CMG placed in the Yellow Pages directories under Account 9728.

17. In 2010, Lang Industries stopped making payments to CMG for the advertisements CMG had placed under Account 9728 and Account 32100.

18. Each Advertising Agreement signed on behalf of Lang Industries provides that any failure by Lang Industries to make a payment to CMG when it is due is considered a default.

19. Each Advertising Agreement signed on behalf of Lang Industries authorized CMG to accelerate the remaining balance due upon non-payment of an invoice issued by CMG that continues for thirty days.

20. After ongoing delinquency and continuous collection efforts on Account 9728, the amount of time between payments increased to the point that Lang Industries routinely was sixty days past due. Accordingly, in March 2010, CMG accelerated the remaining balance on Account 9728 and forwarded the accounts to its lawyer.

21. Each Advertising Agreement Land Industries signed authorized CMG to assess late fees of 1.5% per month to any account balance upon non-payment that continues for thirty days.

22. Lang Industries's Account 9728 with CMG was thirty days past due in 2010 and remains so today.

23. The principal balance due from Lang Industries to CMG for Account 9728 is $223,107.67.

24. Lang Industries owes CMG late fees on advertisements charged to Account 9728.

25. In 2003, Mr. Lang acquired a new geographic area to operate within as a Roto-Rooter franchisee. At Mr. Lang's request, CMG set up a separate account for Lang Industries, limiting charges on the new account to the newly-acquired area. CMG assigned the new account number as 9275-32100 ("Account 32100").

26. Advertisements placed by CMG for Account 32100 were subject to the same process of confirmation as were advertisements placed for Account 9728. An Advertising Agreement, the proposed advertisement, and an Order Confirmation form were signed or initialed on behalf of Lang Industries and returned to CMG before the advertisement was placed.

27. From 2003 to 2009, CMG placed advertisements with various Yellow Pages directory publications for Lang Industries on forty-two occasions under Account 32100, all pursuant to Lang Industries's written directions. Lang Industries paid CMG for the advertisements placed in the Yellow Pages directories under Account 32100 for almost seven years.

28. In 2010, Lang Industries stopped making payments to CMG for the advertisements CMG had placed under Account 32100.

29. As with Account 9728, the Advertising Agreements Lang Industries signed or initialed for Account 32100 authorized CMG to accelerate unpaid amounts thirty days delinquent and charge a 1.5% monthly late fee.

30. After ongoing delinquency and continuous collection efforts on Account 32100, Lang Industries routinely was sixty days past due. Accordingly, in March 2010, CMG accelerated the remaining balance on Account 32100 and forwarded the accounts to its lawyer.

31. Lang Industries's Account 32100 with CMG was thirty days past due in 2010 and remains the same today.

32. The principal balance due from Lang Industries to CMG for Account 32100 is $47,849.42.

33. Lang Industries owes CMG late fees on advertisements charged to Account 32100.

34. In November 2002, when the accounts transferred in from Grey Directory

Marketing to CMG, Mr. Lang requested that CMG bill Enviroventures separately from Lang Industries. Accordingly, CMG assigned Enviroventures its own account number 9725-9728A ("Account 9728A") for advertisements prepared and placed by CMG.

35. Advertisements placed by CMG for Enviroventures under Account 9728A were handled in the same manner as discussed above for Account 9728. Enviroventures signed or initialed an Advertising Agreement, the proposed advertisement, and an Order Confirmation form and returned them to CMG's offices in Overland Park, Kansas, before CMG placed the advertisement.

36. From 2002 and 2009, at the written direction of Enviroventures, CMG placed advertisements for Enviroventures with various Yellow Pages directory publications on forty-nine occasions under Account 9728A. Enviroventures paid CMG for the advertisements under Account 9728A for approximately seven years.

37. In 2010, Enviroventures stopped making payments to CMG for the advertisements placed under Account 9728A.

38. As with Accounts 9728 and 32100, the Advertising Agreements signed or initialed on behalf of Enviroventures for Account 9728A authorized CMG to accelerate unpaid amounts thirty days delinquent, and to charge a 1.5% late fee.

39. Ultimately, Account 9728A was also routinely sixty days past due. Accordingly, in March 2010, CMG accelerated the remaining balance on Account 9728A and

        forwarded the accounts to its lawyer.

40. Enviroventures's Account 9728A with CMG was thirty days past due in 2010 and remains so.

41. The principal balance due from Enviroventures to CMG for Account 9728A is $6,607.19.

42. Lang Industries owes CMG late fees on advertisements charged to Account 9728A.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. ' 1332(a) by virtue of diversity of citizenship of the Plaintiff and Defendants and the requisite amount in controversy.

2. This Court has personal jurisdiction over the Defendants under Kansas long-arm statute ' 60-308(b), and venue is proper under ' 1391(b)(2).

3. Each Advertising Agreement noted above, including the approved advertisement and Order confirmation form, constitutes a valid and binding agreement between CMG and either Lang Industries or Enviroventures.

4. CMG provided sufficient consideration in support of each Advertising Agreement by agreeing to place advertisements with Yellow Pages directories on the behalf of Lang Industries or Enviroventures.

5. CMG performed in compliance with its obligations set forth in each Advertising Agreement, conferring a benefit on Lang Industries or Enviroventures.

6. Every Advertising Agreement at issue was authorized by Lang Industries or Enviroventures.

7. Lang Industries and Enviroventures accepted the benefits of the Yellow Pages advertisements placed on their behalf by CMG.

8. Lang Industries and Enviroventures breached the terms of their respective accounts by the failing to pay the agreed charges to CMG as stated in the Advertising Agreements, as detailed by the itemized charges noted in the Order Confirmation forms.

9. By breaching these contracts, Lang Industries and Enviroventures caused monetary damages to CMG.

10. Service charges, or late fees, continue to accrue on the principal balance of each account through the date of judgment.

11. Pursuant to &11 of each Advertising Agreement, CMG is entitled to recover reasonable collection and attorney's fees. The Court will determine these fees and costs at the close of the case.

IT IS ACCORDINGLY ORDERED this 31st day of October, 2012, that Lang Industries and Enviroventures pay to CMG the full amount of their respective accounts, including principal, late fees, and collection and attorney's fees incurred by CMG in this case, as set out in a subsequent court order.

Plaintiff is further ORDERED to submit to the court a complete statement of the amounts it claims are due and owing under the agreements noted in the body of the opinion,

together with its calculations of late fees, and costs of collection by November 16, 2012, and defendants are ORDERED to file their response by November 30, 2012.

                                                s/ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE